UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------x

NACHUM ZAGER

on Behalf of Himself and All Others Similarly Situated,
     Plaintiffs,

vs.

TD BANKNORTH, N.A. a division
of TD BANKNORTH INC.
     Defendant.
-------------------------------------x

# 07 CIV. 7500

**CLASS ACTION COMPLAINT**

Plaintiff Demands A
Trial By Jury

**JUDGE KARAS**

Plaintiff, on behalf of himself and all others similarly situated, by and through his

undersigned attorney, alleges, upon knowledge as to his own acts and otherwise upon

information and belief, as follows:

## INTRODUCTION

1.     This is a class action for damages and declaratory relief brought on behalf of TD

BANKNORTH Debit Card Holders for Defendant's repeated violations of the Truth in

Lending Act, 15 U.S.C. §1601 *et seq*., (hereinafter TILA), Electronic Funds Transfer Act,

15 USC §1693 *et seq*. (hereinafter EFTA), New York Consumer Protection from

Deceptive Acts and Practices Act, GBL §349, Breach of Contract and Negligent

Misrepresentation. This Class Action Complaint alleges that TD BANKNORTH

advertised a "No ATM Fees Debit Card" and failed to disclose transactional charges

imposed for the use of the card.

2.     This action is instituted to recover damages and costs of suit, including reasonable

attorneys' fees, against defendants for the injuries sustained by plaintiffs and the members

of the Damages Class by reason of the violations alleged in this Complaint. This action is

also instituted to secure injunctive relief against defendants to prevent further threatened

harm and damage to plaintiff and the members of the Injunctive Relief Class.


## JURISDICTION AND VENUE

3.      Jurisdiction of the Court arises under 28 U.S.C. 1331 in that this dispute involves

predominant issues of federal law. Defendant has violated the provisions of the TILA and

EFTA.  Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202. Supplemental

jurisdiction exists for the state law claims pursuant to 28 U.S.C. 1367. Venue in this

District is proper in that Plaintiff resides here, Defendant transacts business here and the

conduct complained of occurred here.


## PARTIES

4.      Plaintiff, Nachum Zager, is natural person residing in Mosey, New York,

Rockland County, and has been charged "International Fees" on transactions he made

using his "No ATM Fees Debit Card".

5.      Defendant, TD BANKNORTH, N. A., (hereinafter "TD BANKNORTH") is a

banking Corporation with its corporate headquarters located at 1 Portland Sq, Ste 4,

Portland, Maine, 04101-4059.

## FACTUAL ALLEGATIONS

6.      Plaintiff signed up for a bank account at TD BANKNORTH and received a

brochure offering him a "No ATM Fees Debit Card" (hereinafter "No ATM Fees Card".)

by TD BankNorth.


2

7.      The brochure states "Use your No ATM Fees Debit Card at any ATM, at any

bank – anywhere. Accept the charges at any ATM worldwide and we'll reimburse you in

your monthly statement."

8.      TD BANKNORTH also advertises the "No ATM Fees Card" on their website,

and at their physical bank branch locations.

9.      Plaintiff was issued a "No ATM Fees Card" by TD BankNorth. Plaintiff decided

to open the account with TD BANKNORTH and use the debit card because he would save

money on ATM transactions.

10.     Plaintiff used his "No ATM Fees Card" numerous times in the time period

between "_____"and "_____" for various ATM withdrawals,

mostly made oversees, in Israel.

11.     Plaintiff received monthly bill statements from Defendant, showing that

Defendant, TD BankNorth, charged Plaintiff an "International Fee" on each foreign ATM

transaction.

12.     Plaintiff spoke with the bank on _____ and requested that he be refunded the

money, per TD BankNorth's promise of the "No ATM Fees Card" agreement.

13.     Defendant, BankNorth said that "Visa" was responsible for those charges and

they refused to refund those charges to Plaintiff.


**CLASS ACTION ALLEGATIONS**

14.     Plaintiff brings this action on behalf of himself and all others similarly situated, as

a member of the proposed class (herein "Class"). The Class which Plaintiff seeks to

represent is defined as follows:

3

**All persons who have or had "No ATM Fees" Debit Cards from TD BANKNORTH and were charged any fees for the use of the "No ATM Fees" Debit Card, at any time from four years preceding the date the complaint is filed in this action to the present.**

15.     The Class excludes Defendants and any entity in which Defendants have a controlling interest, and their legal representatives, officers, directors, assigns and successors.

16.     This action has been brought and may properly be maintained as a class action pursuant to CR 23.

17.     **Numerosity of the Class:** The Class is so numerous that joinder of all such persons is impracticable and the disposition of their claims in a Class Action rather than in individual actions will benefit the parties and the Court. The precise number of Class members and their addresses are unknown to Plaintiff, although it is believed that the Class numbers in the thousands. Members of the Class may identified from Defendants' records, and may be notified of the pendency of this action by mail, supplemented, if deemed necessary, by published notice.

18.     **Existence and Predominance of Common Questions of Law and Fact:** There is a well-defined community of interest in the questions of law and fact involved in this case which affect all members of the Class and which predominate over any individual issues.

Questions of law and fact common to the Class members include, but are not limited to, the following:

a. Whether Defendants are unjustly enriched by extracting improper fees from

payments made by or on behalf of Plaintiff and Class members;

b. Whether Defendants' conduct breached Class members' standardized contracts;

c. Whether Defendants' conduct breached implied terms in Class members'

standardized contracts;

d. Whether Plaintiff and Class members are entitled to the declaratory relief

prayed for below;

e. Whether Defendants' conduct violates the New York Consumer Protection from

Deceptive Acts and Practices Act, GBL §349, or the applicable consumer

protection statutes of other states;

f. The proper measure of Class members' damages; and

g. Whether Plaintiff and the Class are entitled to injunctive relief and the nature of

such relief.

19.     **Typicality:** Plaintiff's claims are typical of those of the Class because the material

terms of Plaintiff's "No ATM Fees Debit Card" Agreement are the same as Class

Members' "No ATM Fees Debit Card" Agreements, Plaintiff's "No ATM Fees Debit

Card" was issued by TD BANKNORTH, fees for the use of the "No ATM Fees Debit

Card" were not disclosed to Plaintiff and Plaintiff was wrongfully assessed "International

Fees" by TD BANKNORTH.

20.     **Adequacy:** Plaintiff adequately represents the Class because he will fairly and

adequately protect the interests of the Class. Plaintiff's interests do not conflict with the

interests of the other members of the Class, which he seeks to represent. Plaintiff is

committed to the vigorous prosecution of this action and has retained competent counsel

experienced in complex class action litigation and consumer litigation. The interests of the Class will be fairly and adequately protected by Plaintiff and his counsel.

21.    A Class Action is the superior method for fair and efficient adjudication of this controversy. Since the damages suffered by individual members of the Class, while not inconsequential, may be relatively small, the expense and burden of individual litigation make it impractical for members of the Class to seek redress individually for the wrongful conduct alleged herein. Further, it would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, the court system could not. Individualized litigation also presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

22.    In addition, the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for the party opposing the Class, or adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests.

23.    This action may also be maintained as a class action because Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate

final and injunctive relief or corresponding declaratory relief with respect to the members

of the Class.

### FIRST CLAIM: VIOLATION OF THE TRUTH IN LENDING ACT ("TILA") 15

### U.S.C. §1601 et seq.

24.     Plaintiff, on behalf of himself and members of the Class, realleges as if fully set

forth here, each and every allegation above.

25.     Defendant failed to comply with the requirements of regulation Z governing

credit and charge card applications and solicitations that require Defendants to disclose

"[a]ny transaction charge imposed for the use of the card" 12 C.F.R. §226.5a (b)(4);

26.     Defendant failed to comply with the requirements of Regulation Z governing

advertising, that require Defendants to disclose all charges pertaining to the offer "If an

advertisement for credit states specific credit terms, it shall state only those terms that

actually are or will be arranged or offered by the creditor." 12 C.F.R. §226.24(a);

27.     Defendant has systematically violated its TILA obligations by failing to inform

consumers in solicitations of the "International Fees" imposed on the monthly statements

for ATM transactions made in a foreign country and/or in foreign currency.

### SECOND CLAIM: VIOLATION OF ELECTRONIC FUNDS TRANSFER ACT
### ("EFTA")
28.     Plaintiff, on behalf of himself and members of the Class, realleges as if fully set

forth here, each and every allegation above.

29.     Defendant failed to disclose the terms and conditions of electronic fund transfers

involving a consumers' accounts, at the time consumers contracted for an electronic fund

transfer service, specifically "any charges for electronic fund transfers or for the right to make such transfers" as required by 15 USC §1693c(a)(4).

30.     Defendant has systematically violated their EFTA obligations by failing to inform consumers in solicitations of the "International Fees" imposed on the monthly statements for ATM transactions made in a foreign country and/or in foreign currency.

## THIRD CLAIM: VIOLATION OF THE NEW YORK CONSUMER PROTECTION FROM DECEPTIVE ACTS AND PRACTICES ACT; NEW YORK GBL §349

31.     Plaintiff, on behalf of himself and members of the Class, realleges as if fully set forth here, each and every allegation above.

32.     Plaintiff and class members are consumers. Defendant, BANKNORTH, is a banking entity governed by state and federal laws. In connection with a consumer transaction, Defendant engaged in unfair and deceptive practices, prohibited by New York law, aimed at causing substantial harm to the plaintiff.

33.     Defendant violated the New York Consumer Protection from Deceptive Acts and Practices Act; NY GBL §349(a) by deceiving consumers in the furnishing of "No ATM Fees Cards".

34.     Defendant violated the New York Consumer Protection From Deceptive Acts And Practices Act; NY GBL §350 by false advertising in the furnishing of "No ATM Fees Cards".

35.     Defendant violated the New York Consumer Protection From Deceptive Acts And Practices Act NY GBL §350a by misleading advertising in the furnishing of "No ATM Fees Cards", specifically "failing to reveal facts material in the light of such

representations ... under the conditions prescribed in said advertisement, or under such conditions as are customary or usual," as requires by NY GBL §350a.

## FOURTH CLAIM: BREACH OF CONTRACT

36.    Plaintiff, on behalf of himself and members of the Class, realleges as if fully set forth here, each and every allegation above.

37.    Defendants have breached its agreements and contracts with plaintiffs.

38.    Defendant's breaches were in bad faith. Alternatively and in the unlikely event such breaches are found not to be in bad faith, plaintiff affirmatively pleads good faith breach of contract.

## FIFHT CLAIM: BREECH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

39.    Plaintiff, on behalf of himself and members of the Class, realleges as if fully set forth here, each and every allegation above.

40.    The defendants are subject to liability to the plaintiff for their breach of express and implied "good faith and fair dealing covenant" made with respect to furnishing of the "No ATM Fees debit card". Specifically, the defendants expressly stated, through their advertisements, and by the statements of their employees and agents, that the "No ATM Fees Debit Card" would cost Plaintiff no ATM fees, anywhere, whatsoever. Defendant failed to make any disclosure about transaction charges imposed for the use of the card.

41.    Defendant knowingly, recklessly and/or culpably breached the implied good faith and fair dealing covenant by charging "international fees" to consumers although they

explicitly promised that their card will not have any "ATM fees" and that they will "reimburse consumer on the monthly statement for any fees charged by any institution."

42.     Defendant knowingly, recklessly and/or culpably breached the implied good faith and fair dealing covenant by misrepresenting facts to consumers and caused consumers to rely upon said representations. Consumers' reliance thereon was reasonable under all of the circumstances and Plaintiff and Class Action Members sustained damages as a result of the misrepresentations.


### FIFTH CLAIM: BREACH OF FIDUCIARY DUTY

43.     Plaintiff, on behalf of himself and members of the Class, realleges as if fully set forth here, each and every allegation above.

44.     Defendant owed to Plaintiffs the highest duties of loyalty, honesty and care in the advertising, furnishing of the "ATM" debit card, and disclosing any transaction charge imposed for the use of the card, for the benefit of the Plaintiffs.

45.     Defendant knowingly, recklessly and/or culpably breached their fiduciary duties of loyalty, honesty and care to Plaintiffs by charging "international fees" to consumers although they explicitly promised that their card will not have any "ATM fees" and that they will "reimburse consumer on the monthly statement for any fees charged by any institution."


### FIFTH CLAIM: NEGLIGENT MISREPRESENTATION

46.     Plaintiff, on behalf of himself and members of the Class, realleges as if fully set forth here, each and every allegation above.

47.    Defendants made misrepresentations of facts to Plaintiffs and caused Plaintiffs to rely upon said representations. Plaintiffs' reliance thereon was reasonable under all of the circumstances and plaintiffs sustained damages as a result of the misrepresentations.

## PLAINTIFF DEMANDS A TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues and all claims.

## PRAYER FOR RELIEF

**WHEREFORE**, individual and representative Plaintiff requests of this Court the following relief, on behalf of himself and all others similarly situated:

A.    An order certifying the proposed plaintiff Class, and appointing Plaintiff and her counsel of record to represent the Class;

B.    An order that the Defendants be permanently enjoined from their improper activities and practices described herein;

C.    An order awarding declaratory relief as requested herein and as the Court deems appropriate;

D.    An order awarding restitution and/or disgorgement of profits;

E.    An order mandating that Defendants correct any negative reports about Plaintiff and Class members provided by them to credit reporting bureaus relating to the allegations herein;

F.    An award of compensatory damages, treble damages and any additional, consequential and incidental damages and costs suffered by Plaintiff and members of the Class due to of Defendants' wrongful conduct;

11

G.      Prejudgment interest, attorney's fees, costs of suit, including expert witness

fees; and

Such other and further legal and equitable relief, including exemplary relief, as this Court

may deem proper.


DATED: __8/23__, 2007
Spring Valley, New York

_____/s/ _____

Shmuel Klein (SK 7212) Fed Court Only
Law Office of Shmuel Klein, PC
Attorneys for Plaintiff
268 ROUTE 59
Spring Valley, NY   10977
(845) 425-2510