UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NACHUM ZAGER,<br>on behalf of himself and all others similarly situated,<br>                              Plaintiffs,<br><br>v.<br><br>TD BANKNORTH, N.A., a division of TD BANKNORTH, INC.,<br><br>                              Defendant. | CIV. A. NO.  07-CV-7500 (KMK) |

**DEFENDANT'S ANSWER TO AMENDED
CLASS ACTION COMPLAINT**

Defendant TD Banknorth, N.A. ("TD Banknorth"), by and through its undersigned counsel, Pepper Hamilton LLP, hereby answers Plaintiff's Amended Class Action Complaint (the "Amended Complaint"). All allegations in the Amended Complaint not specifically admitted below are hereby denied. In response to the allegations contained in the individually-numbered paragraphs of the Amended Complaint, TD Banknorth further states as follows:

**INTRODUCTION**

1.      TD Banknorth admits that it advertised a No ATM Fees Debit Card but denies that it failed to disclose transactional charges imposed for the use of the card. The remainder of this paragraph contains legal conclusions and not any averments to which a responsive pleading is required. To the extent it contains any averments requiring a response, such averments are denied.

2.      This paragraph contains legal conclusions and not any averments to which a responsive pleading is required. To the extent it contains any averments requiring a response,

#8982732 v3

-2-

such averments are denied. TD Banknorth specifically denies that it violated any laws or that Plaintiff is entitled to any relief.

## JURISDICTION AND VENUE

3. This paragraph contains legal conclusions and not any averments to which a responsive pleading is required. To the extent it contains any averments requiring a response, such averments are denied. TD Banknorth specifically denies that it violated any laws or that Plaintiff is entitled to any relief.

## PARTIES

4. TD Banknorth is without information or knowledge sufficient to form a belief as to where the Plaintiff resides and therefore denies the averment. TD Banknorth admits the remaining averments of this paragraph.

5. TD Banknorth admits its headquarters are at 1 Portland Square, Suite 4, Portland, Maine, 04101-4059. TD Banknorth denies the remaining averments of this paragraph.

## FACTUAL ALLEGATIONS

6. TD Banknorth admits that Plaintiff signed up for a personal checking account at TD Banknorth. TD Banknorth is without information or knowledge sufficient to form a belief as to the truth of the remaining averments of this paragraph and therefore denies such averments.

7. TD Banknorth is without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph and therefore denies such averments.

8. Admitted.

9. TD Banknorth admits the first sentence of this paragraph. TD Banknorth is without information or knowledge sufficient to form a belief as to the truth of the remaining averments of this paragraph and therefore denies such averments.

#8982732 v3

10. TD Banknorth admits that Plaintiff used his No ATM Fees Card numerous times starting in or about July 2006. TD Banknorth is without information or knowledge sufficient to form a belief as to the truth of the remaining averments of this paragraph and therefore denies such averments.

11. Admitted.

12. TD Banknorth is without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph and therefore denies such averments.

13. TD Banknorth is without information or knowledge sufficient to form a belief as to the truth of the averments of this paragraph and therefore denies such averments.

## CLASS ACTION ALLEGATIONS

14. This paragraph contains legal conclusions and not any averments to which a responsive pleading is required. To the extent it contains any averments requiring a response, such averments are denied.

15. This paragraph contains legal conclusions and not any averments to which a responsive pleading is required. To the extent it contains any averments requiring a response, such averments are denied.

16. This paragraph contains legal conclusions and not any averments to which a responsive pleading is required. To the extent it contains any averments requiring a response, such averments are denied.

17. This paragraph contains legal conclusions and not any averments to which a responsive pleading is required. To the extent it contains any averments requiring a response, such averments are denied.

18. This paragraph contains legal conclusions and not any averments to which a responsive pleading is required. To the extent it contains any averments requiring a response, such averments are denied.

19. This paragraph contains legal conclusions and not any averments to which a responsive pleading is required. To the extent it contains any averments requiring a response, such averments are denied.

20. This paragraph contains legal conclusions and not any averments to which a responsive pleading is required. To the extent it contains any averments requiring a response, such averments are denied.

21. This paragraph contains legal conclusions and not any averments to which a responsive pleading is required. To the extent it contains any averments requiring a response, such averments are denied.

22. This paragraph contains legal conclusions and not any averments to which a responsive pleading is required. To the extent it contains any averments requiring a response, such averments are denied.

23. This paragraph contains legal conclusions and not any averments to which a responsive pleading is required. To the extent it contains any averments requiring a response, such averments are denied.

**FIRST CLAIM: VIOLATION OF THE TRUTH IN LENDING ACTION ("TILA") 15 U.S.C. § 1601 ET SEQ.**

24. TD Banknorth incorporates its prior responses as if fully set forth herein.

25. Denied.

26. Denied.

27. Denied.

**SECOND CLAIM: VIOLATION OF ELECTRONIC FUNDS TRANSFER ACT ("EFTA")**

28. TD Banknorth incorporates its prior responses as if fully set forth herein.

29. Denied.

30. Denied.

**THIRD CLAIM: VIOLATION FO THE NEW YORK CONSUMER PROTECTION FROM DECEPTIVE ACTS AND PRACTICES ACT: NEW YORK GBL § 349**

31. TD Banknorth incorporates its prior responses as if fully set forth herein.

32. The first and second sentences of this paragraph contain legal conclusions and not any averments to which a responsive pleading is required. To the extent they contain any averments requiring a response, such averments are denied. The allegations in the third sentence of this paragraph are denied.

33. Denied.

34. Denied.

35. Denied.

**FOURTH CLAIM: BREACH OF CONTRACT**

36. TD Banknorth incorporates its prior responses as if fully set forth herein.

37. Denied.

38. Denied.

**FIFTH CLAIM: BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

39. TD Banknorth incorporates its prior responses as if fully set forth herein.

40. TD Banknorth admits that it stated through its advertisements, employees, and agents that its no ATM Fees Debit Card would cost no ATM fees, anywhere. TD Banknorth denies the remaining averments of this paragraph.

41. Denied.

42. Denied.

### SIXTH CLAIM: BREACH OF FIDUCIARY DUTY

43. TD Banknorth incorporates its prior responses as if fully set forth herein.

44. This paragraph contains legal conclusions and not any averments to which responsive pleading is required. To the extent it contains any averments requiring a response, such averments are denied.

45. TD Banknorth admits that it told certain of its customers that their Visa Debit Cards would not have any ATM fees and that it would reimburse any ATM fees charged by other institutions. TD Banknorth denies the remaining averments of this paragraph.

### SEVENTH CLAIM: NEGLIGENT MISREPRESENTATION

46. TD Banknorth incorporates its prior responses as if fully set forth herein.

47. Denied.

### PRAYER FOR RELIEF

In response to Plaintiff's Prayer for Relief, TD Banknorth denies that Plaintiff or the putative class are entitled to any relief whatsoever and prays that the Court enter judgment for TD Banknorth and against Plaintiff on the claims made in the Amended Complaint, with fees and costs assessed against Plaintiff.

### AFFIRMATIVE DEFENSE

1. Plaintiff has not stated claims upon which relief can be granted.

2. Plaintiff has not sustained any injury due to or caused by the actions of TD Banknorth.

3. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, by the doctrine of laches, by the doctrine of estoppel and/or by the doctrine of waiver.

4. Plaintiff's claims are barred or reduced in part by the applicable statutes of limitations for claims under the Truth in Lending Act, Electronic Funds Transfer Act, and New York Consumer Protection from Deceptive Acts and Practices Act.

5. Plaintiff's claims are barred or reduced in part because TD Banknorth acted at all times in good faith based on a reasonable belief that its actions complied with all applicable laws.

6. Plaintiff's claims are barred or reduced in part because Plaintiff lacks standing to seek relief, including but not limited to declaratory and/or injunctive relief.

7. Plaintiff is not entitled to injunctive or declaratory relief because he has an adequate remedy at law, and otherwise cannot meet the requirements for equitable relief.

8. Plaintiff cannot meet the requirements for certifying a class under Rule 23 of the Federal Rules of Civil Procedure because, among other things, Plaintiff cannot establish the following: (a) the required numerosity of the alleged class; (b) the existence of questions of fact and law that are common to the alleged class; (c) that Plaintiff's claims are typical of the claims of the alleged class; and (d) that Plaintiff will fairly and adequately protect the interests of the alleged class; (e) that TD Banknorth has acted or refused to act on grounds generally applicable to the alleged class; (f) that questions of law and fact common to the alleged class predominate over questions affecting only individual members; and (g) that a class action is superior to other methods for the fair and efficient adjudication of the controversy.

9.       Plaintiff's claims are barred or reduced in part because the purported class definition and class period are not properly defined by Plaintiff.

## RESERVATION OF DEFENSES

TD Banknorth reserves the right to assert additional affirmative defenses based on facts uncovered through discovery.

WHEREFORE, defendant TD Banknorth respectfully requests that judgment be entered in TD Banknorth's favor, dismissing Plaintiff's Amended Complaint with prejudice, and awarding TD Banknorth its fees and costs incurred in this action, and such other relief that the Court deems just and equitable.

Respectfully submitted,

/Angelo A. Stio III
Angelo A. Stio III [AS 7880]
PEPPER HAMILTON LLP
A Pennsylvania LLP
301 Carnegie Center
Suite 400
Princeton, NJ 08543-5276
(609) 951-4125 (telephone)
(609) 452-1147 (fax)

Of Counsel:

Stephen G. Harvey
PEPPER HAMILTON LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103-2799
(215) 981-4000 (telephone)
(215) 981-4750 (fax)

Attorneys for Defendant,
TD Banknorth, N.A.

Dated: November 5, 2007

#8982732 v3